## D. P. CUBBERLY, ET AL., *v.* VAN F. LYONS.

[Abstract Kentucky Law Reporter, Vol. 1—275.]

**Vendor's Lien.**

Where a vendor in his conveyance reserves a lien for purchase money, and the deed is recorded, others acquiring such property are bound to take notice of such lien.

**Effect of a Judgment.**

While the judgment of a court of competent jurisdiction is conclusive between the parties as to matters that were or might have been litigated in the suit, still, where no issue was tendered nor could have been tendered a party is not bound by the judgment.

**Sufficiency of Petition.**

Where a plaintiff, having knowledge and notice of the character of another's lien, does not even aver that he is ignorant of the extent and nature of a defendant's lien, or that he has no lien or claim, such petition imposes no duty on the defendant to set up his lien, and a judgment on such a petition will not prevent such defendant lienholder from asserting his lien in another action.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 22, 1880.

OPINION BY JUDGE HINES:

Appellants, having judgment against George Calhoun for a small sum, had execution levied upon a certain tract of land, which was sold subject to encumbrances and purchased by appellants for their debt. Subsequently, appellants brought suit in equity against Lyons and others, seeking a sale of the land to satisfy their lien acquired by purchase under execution. In this petition it is alleged that "Lyons has some interest in or lien upon the aforesaid property",

and asks that Lyons be compelled to disclose what interest he has, or be forever barred from asserting any claim. To this petition Lyons made no response, and the land was sold under decree, which made no reference to any lien by Lyons. Lyons had sold the land to Calhoun and retained a lien in the deed for the purchase money. This suit was brought by Lyons to enforce his lien, and the question is whether Lyons is barred by reason of his failure to assert claim in the equity suit by appellants. It is to be observed that Lyons' lien was of record, that appellants had notice of it, and allege in their petition the existence of a lien in favor of Lyons.

It is not doubted that, as a general rule, the judgment of a court of competent jurisdiction is conclusive between the parties as to all matters that were or might have been litigated in that suit, but the rule does not reach a case like this. Here no issue was tendered nor could one have been tendered. Appellants allege the existence of a lien in favor of Lyons, and do not even charge that they are ignorant of the extent of that lien. They do not claim that the lien does not in fact exist, or that it is not to the extent shown by the deed from Lyons to Calhoun, which is of record. Such a petition imposed no duty upon Lyons. If appellants were ignorant of the extent of Lyons' lien it was their duty to so allege, and not having done so they will not be permitted to defeat Lyons' lien, after having lulled him into the belief that they were claiming nothing adverse to his interest. The court did not undertake to prejudice the rights of the other lienholders by its decree in favor of appellants in their suit to enforce their lien, and in fact had no right to do so. Sec. 694, Civil Code,

Judgment *affirmed*.

*W. B. Fleming, for appellants.　Russell & Helm, for appellee.*